## Girard Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Joseph D. Burke*, for exceptant.

*Symington P. Landreth*, contra.

KLEIN, P. J., July 2, 1958.—We have examined the entire record in this case with great care. It seems

quite clear to us that the distrust and suspicion which existed between decedent's brother, Paschal, and his sister, Julia, and her daughter, Rita, the administratrix, immediately after decedent's death and prior to the issuance of the letters of administration was so bitter and intense, that it is completely unlikely and improbable that Paschal renounced his right to administer his brother's estate, in favor of his niece, Rita, voluntarily and with full knowledge of his rights or an understanding of the nature of the document he was induced to sign.

We are all in full agreement with the conclusions of the learned hearing judge for the reasons so well set forth by him in his scholarly and comprehensive opinion.

The administration of the estate of a decedent is one indivisible judicial proceeding from the grant of letters appointing the administrator until his discharge. The administrator while functioning is at all times under the control and direction of the Orphans' Court: Webb Estate, 8 D. & C. 2d 215 (1956), affirmed 391 Pa. 584, 590 (1958).

Antagonism and unfriendly feelings between an applicant for letters of administration and the parties interested in the estate may disqualify the applicant. See Schulz Estate, 392 Pa. 117 (1958). The fact that this antagonism did not develop, or was not disclosed, until after the letters were granted, does not give the administrator a vested right to the office. He may be removed if the interests of the estate are likely to be jeopardized by his continuance in office: Fiduciaries Act of April 18, 1949, P. L. 512, sec. 331(5).

The powers of the orphans' court to remove a personal representative have been broadened considerably under section 332 of the Fiduciaries Act, supra. The court may now summarily remove an administrator, or an executor, on its own motion, when necessary to

protect the rights of creditors or the other parties in interest.

The relationship between the administratrix and her uncle in the present case has deteriorated to a sad and deplorable state because of her unreasonable and uncompromising attitude. She has refused to accord him the right to participate in the management of the estate in the slightest degree, although he was closely associated in business with decedent for many years and lives under the same roof with the administratrix. She has arbitrarily refused to furnish him or his counsel with any information concerning the estate, completely ignoring the fact that he is entitled to one half of the estate under the intestate laws. She has even threatened to institute criminal proceedings against him. Her conduct has been so arrogant and arbitrary since she became administratrix that we are convinced that she cannot be trusted to administer this estate in a fair and impartial manner. Her continuance in office would unquestionably jeopardize the best interest of the estate.

Usually proceedings to remove a personal representative are instituted by a party in interest. But even if such action is not taken the court should not sit by supinely if it appears, as it does in the present case, that such bitter hostility has developed, after the issuance of the letters, between the administrator and a party having a substantial interest in the estate, as to drastically interfere with the orderly administration of the estate and seriously jeopardize its best interests. We are in duty bound, in such a situation, to exercise the right conferred upon us by the legislature to remove the administrator.

We are all of the opinion that under the circumstances which have developed in this case, the hearing judge had no alternative but to affirm the decree of the register removing the administratrix. If this

action had not been taken, it would have become our duty to remove her summarily.

The exceptions are therefore dismissed.